**COMP**
KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
**THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES, P.C.**
5265 S. Durango Dr. Suite 1
Las Vegas, NV 89113
Ph:702-379-4413
Fax:702-310-6690
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SASHA WALL )<br><br>                Plaintiff, )<br><br>vs. )<br><br>Cosmopolitan Hotels & resorts, Inc., aka )<br>The Cosmopolitan Hotel and Casino, The )<br>Cosmopolitan of Las Vegas, and Does 1-50, )<br>Inclusive, )<br><br>            Defendant(s). )<br>                         )<br>                         ) | CASE NO.:   2:14-cv-259<br>DEPT. NO.: |

## COMPLAINT

### JURY DEMAND

Plaintiff, SASHA WALL, by and through her attorney, KRISTIAN LAVIGNE, ESQ., of

THE LAW OFFICE OF KRISTIAN LAVIGNE AND ASSOCIATES and for her causes of

action against Defendants, and each of them, alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the federal minimum wage and overtime

claims herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and

has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.      In addition, this Court has supplemental jurisdiction under U.S.C. § 1367 over

Plaintiff's wage and hour claims under Nevada state law because those claims derive

from a common nucleus of operative fact regarding Defendant's failure to pay wages and overtime compensation. Furthermore, a party seeking to recover unpaid wages has a private right of action pursuant to Nevada Revised Statute ("NRS") sections 608.050 and 608.140, among others.

3.        Venue is proper in this Court because one or more of the Defendants named herein maintains a principle place of business or otherwise is found in this judicial district and many of the acts complained herein occurred in Clark County, Nevada.

## PARTIES

4.        Defendant Cosmopolitan Hotels & Resorts, Inc. (hereinafter "Defendant" or "Cosmopolitan") is a Nevada corporation with a principle place of business at 3700 South Las Vegas Boulevard, Las Vegas, Nevada and is an employer engaged in commerce under the provision of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5.        Plaintiff SASHA WALL (hereinafter "Plaintiff") is a natural person who is and was a resident of the State of Nevada at all relevant times herein and was employed by Defendant as a non-exempt hourly employee in its Las Vegas casino from approximately February 2011 to October 2011.

## FACTUAL ALLEGATIONS

6.        During her employment with Defendant, Plaintiff worked as a Beverage Server who was required to wear a distinctive uniform identifying himself as an employee and was responsible for delivering tips and credit card receipts to the audit box on the main casino floor.

7.        As a condition of employment, Defendant required Plaintiff and other uniformed employees to change into their uniforms at a common locker room as an essential

- 2

function of their job duties. Defendant did not pay the employees for the time changing into and out of the uniforms each day, or for waiting to receive or turn in their uniforms before and/or after their normal shift. Defendant paid Plaintiff only after she arrived at her workstation and clocked in. Similarly, Defendant failed to pay Plaintiff for the time she was required to be in the changing rooms, or while she performed other tasks like delivering tips and credit card receipts to the audit box located on the main casino floor. Nor did Defendant pay Plaintiff her regular rate of pay for the time she spent waiting for her uniform to be distributed each day on-site. In other words, Defendants required Plaintiff to work off the clock each day from the time she was required to report to accept her uniform until she finally arrived at a designated workstation, and from the time she clocked out of a designated work station until she was finally able to change out of her uniform and return the uniform to Defendant at the end of her shift. To the extent that Plaintiff worked 8 hours a day or 40 hours a week, this unpaid time should have been paid at a rate of one and one half the regular rate of pay required by law.

8.    Plaintiff was required to deliver tips and receipts to the audit box on the main casino floor at the end of each work day. Plaintiff was required to perform these duties "off the clock" without receiving her regular rate of pay for all hours worked every day of every shift, or time and one half her regular rate of pay if such time was more than eight hours in a day or forty hours in a week.

9.    At all times relevant hereto, Defendant required, suffered, or permitted such off the clock uncompensated time to be worked by Plaintiff.

10.    The total amount of time it took Plaintiff to complete all of these activities was approximately 90 minutes or more each and every workday. Although Defendant

- 3

required Plaintiff to perform these pre and post-shift activities, Plaintiff was not compensated for performing any of these work related tasks.

11.    In addition to the above, Defendant issued to Plaintiff a script for meals which had a monetary value which was never included in the calculation of the regular rate of pay for the purposes of overtime compensation.

### First Cause of Action
### Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.

12.    Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

13.    Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff is entitled to compensation at her regular rate of pay or the minimum wage rate, whichever is higher, for all hours worked.

14.    29 U.S.C. § 206(a)(1) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

15.    The changing into and out of uniforms at company specified areas for the sole convenience of the employer (rather than protective gear for the mutual protection of the employee and employer) is compensable time.

- 4

16.     By failing to compensate Plaintiff for the time spent waiting for her uniform to be distributed each day on-site, changing into her uniform, walking from the changing area to and from her clock-in location , and then doing the same in reverse at the end of the day, Defendant failed to pay Plaintiff for all hours worked.

17.     By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant failed to pay Plaintiff for all hours worked.

18.     Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

19.     Wherefore, Plaintiff demands that Defendant pay Plaintiff the minimum hourly wage or her regular rate of pay, whichever is greater, for all hours worked during the period of her employment together with liquidated damages, attorneys fees, costs, and interest as provided by law.

**Second Cause of Action**
**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

20.     Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

21.     29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his

- 5

employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

22.     Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

23.     By failing to compensate Plaintiff for the time spent waiting for her uniform to be distributed each day on-site, changing into her uniform, walking form the changing area to and from her clock-in location, and then doing the same in reverse at the end of the day, Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

24.     By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant failed to pay Plaintiff for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

25.     Defendant's unlawful conduct has been widespread, repeated, and willful. Defendant knew or should have known that its policies and practices have been unlawful and unfair.

26.     Wherefore, Plaintiff demands that Defendant pay Plaintiff one and one half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the period of her employment together with liquidated damages, attorneys fees, costs, and interest as provided by law.

- 6

**Third Cause of Action**
**Failure to Pay Wages For All Hours Worked in Violation of NRS 608.140 and 608.016**

27.     Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

28.     NRS 608.140 provides that an employee has a private right of action for unpaid wages: "Whenever a mechanic, artisan, miner, laborer, servant, or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which she or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to Plaintiff a reasonable attorney fee, in addition to the amount found for wages and penalties, to be taxed as costs of suit." On or about November 19, 2013, Plaintiff made demand for unpaid wages upon Defendant pursuant to NRS 608.140 but satisfactory payment was not received.

29.     NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works." Hours worked means anytime the employer exercises "control or custody" over an employee. *See* NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee."). Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee." NAC 608.115(1).

- 7

30.       By failing to compensate Plaintiff for the time spent waiting for her uniform to be distributed each day on-site, changing into her uniform, walking form the changing area to and from her clock-in location, and then doing the same in reverse at the end of the day, Defendant failed to pay Plaintiff for all hours worked in violation of NRS 608.140 and 608.016.

31.       By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant failed to pay Plaintiff for all hours worked in violation of NRS 608.140 and 608.016.

32.       Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

33.       Wherefore, Plaintiff demands payment by the Defendant at the regular hourly rate of pay for all hours worked during her employment together with attorneys fees, costs, and interest as provided by law.

## Fourth Cause of Action
### Failure to Pay Minimum Wages in Violation of NRS 608.140 and 608.250

34.       Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

35.       NRS 608.140 provides that an employee has a private right of action for unpaid wages.

36.       NRS 608.250(1) provides that "Except as otherwise provided in this section, the Labor Commissioner shall, in accordance with federal law, establish by regulation the minimum wage which may be paid to employees in private employment within the State.

- 8

The Labor Commissioner shall prescribe increases in the minimum wage in accordance with those prescribed by federal law, unless the Labor Commissioner determines that those increases are contrary to the public interest."

37.    NRS 608.260 states "If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provisions of NRS 608.250, the employee may, at any time within 2 years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action.

38.    By failing to compensate Plaintiff for the time spent waiting for her uniform to be distributed each day on-site, changing into her uniform, walking form the changing area to and from her clock-in location, and then doing the same in reverse at the end of the day, Defendant failed to pay Plaintiff for all hours worked in violation of NRS 608.140 and 608.250.

39.    By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant failed to pay Plaintiff for all hours worked in violation of NRS 608.140 and 608.250.

40.    Wherefore, Plaintiff demands payment by the Defendant at the regular hourly rate of pay or the minimum wage, whichever is higher, for all hours worked during her employment together with attorneys fees, costs, and interest as provided by law.

### Fifth Cause of Action
**Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018**

41.    Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

- 9

42. NRS 608.140 provides that an employee has a private right of action for unpaid wages

43. NRS 608.018(1) provides that:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

44. By failing to compensate Plaintiff for the time spent waiting for her uniform to be distributed each day on-site, changing into her uniform, walking form the changing area to and from her clock-in location, and then doing the same in reverse at the end of the day, Defendant failed to pay Plaintiff daily overtime premium rate of pay at one and one-half her regular hourly rate of pay, and failed to pay a weekly overtime premium rate of pay at one and one-half her regular hourly rate of pay when Plaintiff worked in excess of forty (40) hours in a week in violation of 608.140 and 608.018.

45. By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant failed to pay Plaintiff daily overtime premium rate of pay at one and one-half her regular hourly rate of pay, and failed to pay a weekly overtime premium rate of pay at one and one-half her regular hourly rate of pay when Plaintiff worked in excess of forty (40) hours in a week in violation of 608.140 and 608.018.

46. Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for failure to pay overtime pursuant to NRS

608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

47.     Wherefore, Plaintiff demands payment by Defendant at one and one-half times her regular rate of pay for all hours worked in excess of eight (8) in a given workday and payment by Defendant at one and one-half times her regular rate of pay for all hours worked in excess forty (40) a workweek during the period of Plaintiff's employment together with attorneys fees, costs, and interest as provided by law.

## Fifth Cause of Action
### Failure to Pay Correct Overtime Rate in Violation of the FLSA, 29 U.S.C. § 207(e)

48.     Plaintiff realleges and incorporates by reference all the paragraphs above in this Complaint as though fully set forth herein.

49.     Defendant paid Plaintiff an eight dollar ($8.00) lunch stipend each and every day Plaintiff worked for Defendant. Defendant did not include the value of this stipend in the calculation of its regular rate of pay, nor did it include the value of this stipend in the regular rate of pay for the purposes of determining overtime compensation due.

50.     Under the FLSA, the "regular rate" at which an employee must be paid includes "all remuneration for employment paid to, or on behalf of, the employee, divided by the hours worked in a workweek." 29 U.S.C. § 207(e).

51.     Under the Code of Federal Regulations, lunch stipends must be included in an employee's regular rate of pay:

> The expenses for which reimbursement is made in order to merit exclusion from the regular rate under this section, must be expenses incurred by the employee on the employer's behalf or for her benefit or convenience. If the employer reimburses the employee for expenses normally incurred by the employee for her own benefit, she is, of course, increasing the employee's regular rate of pay. *An*

- 11

*employee normally incurs expenses if traveling to and from work, buying lunch, paying rent, and the like. If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate of pay as "reimbursement for expenses."* Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing),the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in § 778.116."

29 C.F.R. § 778.217(d) (emphasis added). "Where board, lodging, or other facilities are customarily furnished as additions to a cash wage, the reasonable cost of the facilities to the employer must be considered as part of the employee's regular rate of pay. *See Walling v. Alaska Pacific Consolidated Mining Co.*, 152 F.2d 812 (9th Cir. 1945), *cert. denied*, 327 U.S. 803." 29 C.F.R. § 531.37(b).

52.     By failing to include the lunch stipend in the regular rate of pay of Plaintiff, Defendant failed to pay the correct rate of overtime premium compensation for each overtime hour worked in violation of 29 U.S.C. § 207(e).

53.     Wherefore, Plaintiff demands that Defendant pay him the difference between any overtime compensation actually paid and one and one half times the correct "regular rate" of pay for all hours worked in excess of 40 hours in a week together with liquidated damages, attorneys fees, costs, and interest as provided by law.

## Sixth Cause of Action
### Failure to Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050.

54.     Plaintiff realleges and incorporated by reference all the paragraphs above in this Complaint as though fully set forth herein.

55.     NRS 608.140 provides that an employee has a private right of action for unpaid wages

- 12

56.     NRS 608.020 provides that "[W]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become payable immediately."

57.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "[W]ithin 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

58.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purposes of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

59.     By failing to compensate Plaintiff for all hours worked in violation of state and federal law, at the correct legal rate, Defendant has failed to timely remit all wages due and owing to Plaintiff upon termination and for sixty days thereafter.

60.     By failing to compensate Plaintiff for the time spent delivering tips and credit card receipts to the audit box on the main casino floor, Defendant has failed to timely remit all wages due and owing to Plaintiff upon termination and for sixty days thereafter.

61.     Wherefore, Plaintiff demands thirty days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050 together with attorneys fees, costs, and interest as provided by law.

- 13

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief as follows relating to her allegations:

1.    For damages according to proof for her regular rate of pay under federal law for all hours worked;

2.    For damages according to proof for minimum rate of pay under federal law for all hours worked;

3.    For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

4.    For liquidated damages pursuant to 29 U.S.C. § 216(b);

5.    For damages according to proof for minimum wage rate of pay under NRS 608.140 and 608.016 for all hours worked.

6.    For damages according to proof for minimum wage rate of pay under NRS 608.140 and 608.250 for all hours worked.

7.    For damages according to proof for overtime compensation under NRS 608.140 and 608.018 at a rate of one and one half times the minimum wage for all hours worked in excess of 8 hours per day and/or one and one half times the minimum wage for hours worked in excess of 40 hours per week;

8.    For damages according to proof for overtime compensation at the correct and legally applicable overtime rate under state and federal law;

9.    For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-050;

10.    For interest as provided by law at the maximum legal rate;

11.    For reasonable attorneys fees authorized by statute;

- 14

12.   For costs of suit incurred herein;

13.   For pre-judgment and post-judgment interest, as provided by law, and

14.   For other such and further relief as the Court may deem necessary.

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

Plaintiff demands a jury trial on all claims so triable.


DATED this 19 day of February, 2014.

LAW OFFICE OF KRISTIAN LAVIGNE, P.C.

KRISTIAN LAVIGNE, ESQ.
Nevada Bar No.11629
5265 S. Durango Dr. Suite 1
Las Vegas, NV 89113
Attorneys for Plaintiff
702-379-4413

- 15