**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| SASHA WALL,<br><br>        Plaintiff,<br><br>    v.<br><br>COSMOPOLITAN HOTELS & RESORTS, INC.,<br><br>        Defendant. | Case No. 2:14-cv-00259-APG-PAL<br><br>**ORDER ON MOTION FOR DEFAULT JUDGMENT**<br><br>(DKT. #10) |

Plaintiff Sasha Wall[1] requests a default judgment against defendant Cosmopolitan Hotels and Resorts, Inc., a local hotel and casino (the "Cosmopolitan"). Wall appears to contend that, because the Cosmopolitan failed to respond to her complaint, she is automatically entitled to default judgment. But to get a default judgment, a plaintiff must establish a number of things: such as that the complaint is sufficient and that the amount of damages requested is accurate. Wall has not even attempted to make these showings. I therefore deny her motion.

Obtaining a default judgment is a two-step process.[2] First, when a defendant fails to properly respond, the plaintiff must request that the clerk enter the defendant's default.[3] After the clerk enters default, a party may then seek entry of a default judgment pursuant to Rule 55(b).

---

[1] Wall's motion states that "Angel Gonzales" requests default judgment. Wall's counsel represents Gonzalez in a different case brought against the Cosmopolitan. I therefore presume counsel's reference to Gonzalez is a typographical error.

[2] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

[3] Fed. R. Civ. P. 55(a).

Upon entry of default, I take as true the factual allegations in the complaint.[4] Nonetheless, "[e]ntry of default does not entitle the [plaintiff] to a default judgment as a matter of right."[5] I must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[6] The plaintiff bears the burden of establishing that her motion for default judgment is warranted.[7] As a general rule, default judgments are disfavored.[8] Ultimately, whether a default judgment will be granted is within my discretion.[9]

As explained above, a fact-intensive, seven-factor test guides my decision to grant default judgment. Wall has failed to establish that any of these factors favors default judgment in this case. She does not address her potential prejudice, the merits of her claims, the possibility of disputes as to the material facts, the accuracy of her claimed damages,[10] or whether the underlying default resulted from excusable neglect.

---

[4] *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

[5] *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (quoting *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991)).

[6] *Eitel*, 782 F.2d at 1471–72.

[7] *See, e.g., Kantor v. Monument Homes Realty & Inv.*, LLC, No. CV081451PHX-DGC, 2009 WL 113844, at *1 (D. Ariz. Jan. 16, 2009) ("Plaintiff does not address the *Eitel* factors. Nor has he presented evidence establishing the monetary damages he seeks. Because Plaintiff has not met his default judgment burden, the Court will deny his motion without prejudice."); *see also* L.R. 7-2.

[8] *Id.* at 1472.

[9] *See Hawaii Carpenters' Trust Funds v. Stone,* 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980).

[10] Wall's attorney avers that the "claim" is for "the sum of $30,000.00, plus interest." But there is no explanation of why this is an appropriate sum.

Because Wall failed to establish that default judgment is warranted, I deny her motion without prejudice.

IT IS THEREFORE ORDERED that plaintiff Sasha Wall's Motion for Default Judgment (Dkt. # 10) is DENIED.

**DATED** this 17th day of April, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE